# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Lorenzo Beamon, Jr.,
    Plaintiff,

v.      1:13cv101 (LMB/JFA)

John R. Newhart, et al.,
    Defendants.

## MEMORANDUM OPINION

Lorenzo Beamon, Jr., a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, along with an application to proceed in forma pauperis. For the reasons stated below, this complaint improperly joins defendants and does not conform to all requirements for § 1983 civil actions. Accordingly, it will be dismissed to allow plaintiff an opportunity to file proper pleadings, and that decision will moot plaintiff's application to proceed in forma pauperis, which will be denied without prejudice.

### I. Background

Plaintiff is incarcerated at Chesapeake Correctional Center ("CCC"), Compl. 4, ECF No. 1, apparently as a result of pleading guilty to a grand larceny charge for which he was sentenced to ten years. He alleges that his constitutional rights have been violated by various defendants, including defendant CCC, in that defendant Newhart violated unspecified First Amendment rights to the free exercise of religion and speech; that an unnamed defendant violated his Fourteenth Amendment right to due process and equal protection; that defendants O'Sullivan and Smith were deliberately indifferent to unspecified serious medical needs; and that unnamed defendants have violated plaintiff's right to access the courts. He also alleges appellate counsel was ineffective by not keeping in contact with him, id. at 5; Att. Compl. ECF No. 1 at 6–7, and he also appears to be trying to withdraw his guilty plea.

Plaintiff does not allege any facts to support the first two claims. As to the third claim about access to the courts, he merely states, "The only way to get legal access is that one have [sic] to know the exact code, rule, or citation before they would send me anything . . . ." Id. at 7. He claims that he "still [hasn't] the legal means to address the courts in a meaningful way in my defence [sic][,]" id., and that his "ability to conduct legal research, respond to pending motions, and file new cases was and is impaired in fact [sic], he/I missed the deadlines for filing some actions[,]" id. at 10.

Finally, plaintiff claims that his appellate counsel was ineffective, and he wants to withdraw his guilty plea.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" id.; however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a

2

plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . [,]" Twombly, 550 U.S. at 55.

Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950. Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III. Claims

#### A. Claim against Chesapeake Correctional Center

Defendant Chesapeake Correctional Center will be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim[1] because to state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988).

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

3

Because Chesapeake Correctional Center is an institution and not a person, it cannot be sued under § 1983. Accordingly, it will be dismissed with prejudice.

B. <u>Claim against Defense Attorney</u>

The claim alleging that an unnamed defense attorney violated plaintiff's constitutional rights by failing to keep him updated on his case and appeals also will be dismissed. The Fourth Circuit has held that "[d]efense attorneys do not act 'under color of' state law and are, therefore, not amenable to suit under § 1983, whether privately retained, appointed by the state, or employed as public defenders." Ward v. Ghee, 8 F.3d 823 (4th Cir. Oct. 13, 1993) (table; available at 1993 WL 410357) (citations omitted). Here, then, plaintiff's defense attorney is not amenable to suit for any actions he took during his representation of the plaintiff, and the claim will be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim.

C. <u>Claim Concerning Underlying Criminal Conviction</u>

To the extent that plaintiff challenges his underlying criminal conviction, plaintiff seeks an inappropriate remedy. Where a complaint attacks, in part, the fact or duration of confinement, as the instant complaint appears to do, the appropriate remedy is a writ of habeas corpus, not a claim under 42 U.S.C. § 1983. See Preiser v. Rodgriquez, 411 U.S. 475, 487 (1973). As the Supreme Court noted, a § 1983 damages claim for unconstitutional imprisonment is not appropriate unless and until plaintiff's conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Therefore, to pursue a § 1983 claim for damages for unlawful conviction and imprisonment, plaintiff must first file a habeas corpus petition pursuant to 28. U.S.C. § 2254 after exhausting his state court remedies by presenting his claims to the Supreme Court of Virginia in a state petition for writ of habeas

corpus. Moreover, they cannot be brought under § 1983 but must be brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. A petition must be filed within one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)–(D).

D. Remaining Claims

As to the remaining claims against defendants Newhart, O'Sullivan, and Pam Smith, plaintiff has failed to allege any specific facts supporting those claims. Although district courts have a duty to construe pleadings by pro se litigants liberally, a pro se plaintiff must nevertheless allege a cause of action. Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). To state a cause of action under § 1983, a plaintiff must allege facts describing the specific actions he claims deprived him of rights guaranteed by the Constitution or laws of the United States. See West, 487 U.S. at 42. Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against him.

1. Denial of Access to the Courts

Although plaintiff alleges that the law library at CCC is inadequate and that, as a result, his right to access the courts has been denied, pages three and four of the attachment to his complaint are full of citations to legal authority, thereby contradicting plaintiff's claim that he is unable to access legal material. Moreover, to state a claim for denial of access to the courts, plaintiff must establish that he suffered an "actual injury or specific harm." Hause, 993 F.2d at 1084–85; see, e.g., Strickler v. Waters, 989 F.2d 1375, 1382 (4th Cir. 1993); Magee v. Waters, 810 F.2d 451, 452–53 (4th Cir. 1987). To make out a prima facie case of denial of access to the

5

courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); see also White v. White, 886 F.2d 721, 723–24 (4th Cir. 1989). Actual injury requires the inmate to "demonstrate that his nonfrivolous, post-conviction or civil rights legal claim has been frustrated or impeded." Jackson v. Wiley, 352 F. Supp. 2d 666, 679–80 (E.D. Va. 2004).

Here, plaintiff has not alleged sufficient facts to show how he has been harmed by the alleged denial of access to law library materials and, as a result, access to the courts. He merely complains about the law library's system for accessing materials and states generally that he has missed deadlines. He does not provide specific information concerning what injury, if any, he has suffered as a result of the alleged denial of his right to access the courts and what deadlines, specifically, he has missed. For these reasons, the claim will be dismissed.

2. Deliberate Indifference to Serious Medical Needs

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D.Va. 1995). Thus, plaintiff must first allege a sufficiently serious medical need. See. e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need from the specific named defendant. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th

6

Cir. 1990). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted).

Plaintiff has failed to allege what, if any, serious medical need was ignored, alleging only that defendants "[f]ail [sic] to provide meaningful medical attention where life or limb is concern [sic] . . . [,]" Compl. 5, and that "Pam Smith Medical Director . . . has failed to meet these needs[,]" Att. Compl. 1. Therefore, the claim must be dismissed.

3. First Amendment, Due Process, and Equal Protection Claims

For these claims, plaintiff merely states, "Sherriff Newhart did knowingly violate the (First Amendment) right to the U.S. Constitution" and then summarizes the amendment. Plaintiff then states "#2 claim (Fourteenth Amendment) Due process of life, liberty or property, without due process of law, and the Fourteenth Amendment Equal Protection Clause grants its citizens including prisoners 'the equal protection of the laws.'" Plaintiff does not name any defendants in connection with his these two claims and does not allege any facts to show how his rights were violated beyond alleging that he has not been permitted to file a grievance about his lack of medical care. Because plaintiff has failed to show what violations of these rights, if any, occurred, these claims will be dismissed.

IV. Exhaustion of Administrative Remedies

Additionally, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 92 (2006) (requiring complete exhaustion of correctional facility administrative remedies). To bring any of the claims involving prison conditions in this federal court, plaintiff must provide evidence that he filed grievances and, if

7

unsatisfactorily answered, that he pursued them through all available levels of appeal before presenting that claim in federal court. Plaintiff has failed to allege and present evidence that he completely exhausted his institution's administrative remedies.

## V. Conclusion

For the above-stated reasons, defendants CCC and an unnamed defense attorney will be dismissed with prejudice from the § 1983 claim, and the claim for habeas corpus relief will be dismissed. All other claims and defendants will be dismissed without prejudice. Plaintiff will be granted thirty (30) days to file a new complaint as to these claims. Such new complaint must contain a description of the specific facts upon which plaintiff relies and must clearly identify the conduct of such named defendant. Plaintiff will have to pay the filing fee of $ 350.00 or qualify to proceed in forma pauperis. If he is allowed to proceed in forma pauperis, he will still have to pay the $ 350.00, but will be able to make payments in installments. The present application to proceed in forma pauperis is therefore premature and will be denied without prejudice as moot. An appropriate Order shall issue.

Entered this 1st day of February 2013.

/s/
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia